JOSEPH F. PRELOZNIK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Preloznik v. Commissioner
Docket No. 2544-78.
United States Tax Court
T.C. Memo 1980-76; 1980 Tax Ct. Memo LEXIS 509; 39 T.C.M. (CCH) 1244; T.C.M. (RIA) 80076; March 18, 1980, Filed Joseph F. Preloznik, pro se. Joseph R. Peters, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a deficiency of $550.03 in petitioner's income taxes for 1973. The sole issue is whether respondent timely mailed duplicate originals of the statutory notice of deficiency to petitioner and to the special administrator of the estate of Dolores J. Preloznik. FINDINGS OF FACT Petitioner resided in Madison, Wisconsin, when he filed his petition. Petitioner and Dolores J. Preloznik, his wife in 1973, filed a joint income tax return for 1973. Petitioner and Dolores were divorced in March 1975 and Dolores died in June 1975. D. G. Graff was appointed special administrator of Dolores' *510 estate on July 7, 1975, and on March 29, 1977, he filed with the Internal Revenue Service a Notice of Fiduciary Relationship (Form 56) which listed his address as 222 W. Washington Avenue, Madison, Wisconsin 53701. Petitioner and D. G. Graff extended the statute of limitations for the 1973 joint return of petitioner and Dolores to December 31, 1977, by agreement (Form 872). On December 30, 1977, prior to the expiration of the statute of limitations for the 1973 return, duplicate originals of the statutory notice were timely mailed to petitioner and D. G. Graff as special administrator of Dolores' estate at the following addresses: 222 W. Washington Avenue Madison, Wisconsin 53701 (address of special administrator shown on Form 56) 3401 Kingston Drive Madison, Wisconsin 53713 (address shown on 1973 return) 5618 Comanche Way Madison, Wisconsin 53704 On December 30, 1977, the United States Post Office acknowledged receiving for mailing as certified mail the three envelopes addressed as listed above. OPINION The sole issue is whether respondent timely mailed duplicate originals of the statutory notice of deficiency to petitioner and the special administrator of the estate *511 of Dolores J. Preloznik. Petitioner does not contend that he did not receive his copy of the statutory notice. The only contention is that the special administrator of his deceased wife's estate, D. G. Graff, never received a copy of the statutory notice. However, whether D. G. Graff received the statutory notice is immaterial.The Internal Revenue Code does not require actual receipt. . What is required is timely mailing of the statutory notice. Section 6212(b)(2) provides: * * * In the case of a joint income tax return filed by husband and wife, such notice of deficiency may be a single joint notice, except that if the Secretary or his delegate has been notified by either spouse that separate residences have been established, then, in lieu of the single joint notice, a duplicate original of the joint notice shall be sent by certified mail or registered mail to each spouse at his last known address. Respondent has shown by competent evidence that he timely mailed a duplicate original of the statutory notice to D. G. Graff at his last known address as shown on Form 56, Notice of Fiduciary Relationship. , *512 affd. . Decision will be entered for the respondent.